UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| CANDIDA VILLAGOMEZ, | Case No. 22-cv-00292-LB |
| Plaintiff, | |
| v. | **ORDER DENYING PLAINTIFF'S MOTION TO REMAND** |
| LINCOLN LIFE ASSURANCE COMPANY OF BOSTON, | Re: ECF No. 9 |
| Defendant. | |

**INTRODUCTION**

The plaintiff's former employer, Document Technologies, allegedly fired her (after sixteen years of employment) when she injured her hip, had surgery, and became temporarily disabled.[1] She claimed wrongful termination based on a failure to accommodate her disability and engage in the interactive process. As her employment contract required, she initiated a private arbitration against Document Technologies. In this lawsuit, she sued Lincoln Life, which contracted with Document Technologies to handle employee leave and placed the plaintiff on long-term disability for two years, when in fact, she needed only several months to recover. This, she alleged, resulted in Document Technologies terminating her. She sued Lincoln in state court for negligent

---

[1] Compl. – ECF No. 1 at 20 (¶ 18). Citations refer to material in the Electronic Case File (ECF); pinpoint citations are to the ECF-generated page numbers at the top of documents.

ORDER – No. 22-cv-00292-LB

misrepresentation, aiding and abetting a violation of California's Fair Employment and Housing Act (FEHA), violating California's Unruh Civil Rights Act and Unfair Competition Law (UCL), and intentional and negligent infliction of emotional distress.[2] Lincoln removed the case to federal court, asserting diversity jurisdiction.[3] The plaintiff moved to remand on the ground that Lincoln did not establish that the amount in controversy exceeds $75,000.[4] The court denies the motion because Lincoln has shown by a preponderance of the evidence that the amount in controversy more likely than not involves over $75,000.

## STATEMENT

The plaintiff, who lives in San Francisco, worked as a service specialist in Document Technologies' San Francisco office making copies, handling print jobs, and delivering items to clients, among other tasks.[5] On April 8, 2020, Document Technologies furloughed the plaintiff due to the COVID-19 pandemic and the State of California's statewide stay-at-home order.[6] On May 9, 2020, while on furlough, the plaintiff injured her hip and back when she was hit by a dozen shopping carts at Costco. In July 2020, she had hip surgery to address her injuries. This left her temporarily disabled because she could not walk, squat, lift, or sit for more than an hour and a half because "when attempting to complete these functions, [she] found herself in considerable pain."[7] Her recovery plan was twelve weeks, but in September 2020, it was extended an additional twelve weeks.[8] On August 1, 2020, Document Technologies tried to "force" the plaintiff back to the office at the end of the COVID-19 furlough, but the plaintiff explained to her manager that she could not return yet but that her disability was temporary. "Except for a single conversation that contemplated

---

[2] *Id.* – ECF No. 1 at 1.

[3] Notice of Removal – ECF No. 1 at 3–8 (¶¶ 8–26).

[4] Mot. – ECF No. 9.

[5] Compl. – ECF No. 1 at 17 (¶ 1) & 18 (¶¶ 13, 15).

[6] *Id.* at 18 (¶ 16).

[7] *Id.* (¶ 18).

[8] *Id.* at 19 (¶¶ 19–20).

ORDER – No. 22-cv-00292-LB                2

a return to work on crutches while working closely with an assistant amid the COVID-19 pandemic, [Document Technologies] never discussed accommodating [the plaintiff's] disability."[9] Instead, it placed the plaintiff on leave under the Family and Medical Leave Act (FMLA), which Document Technologies calculated incorrectly as leave through September 28, 2020.[10]

During her FMLA leave, Document Technologies "connected" the plaintiff to Defendant Lincoln (incorporated in Indiana with a principal place of business in Pennsylvania) to discuss her protected leave and disability. As part of that process, Document Technologies told the plaintiff that she "could go on long-term leave for up to four months without repercussion."[11] Lincoln interviewed the plaintiff about her disability, reviewed her medical records (which showed her disability and full recovery in about twelve weeks), and contacted her doctor to discuss her disability and recovery horizon.[12] "Working in concert with" Document Technologies, and after communicating with Document Technologies "several times" in October and November 2020, Lincoln placed the plaintiff on long-term disability for two years until October 2022, even though her medical records showed that she would have been ready to return to work in January 2021. As a result, Document Technologies terminated the plaintiff on November 9, 2020, without placing her on reasonable leave, on account of her disability, and without engaging in the interactive process.[13] In January 2021, Lincoln removed the plaintiff from disability leave (the timeline in her medical records that Lincoln and Document Technologies reviewed before placing the plaintiff on a two-year disability leave).[14]

The plaintiff initiated private arbitration (as required by her employment agreement) with Document Technologies.[15] She sued Lincoln in state court for (1) negligent misrepresentation

---

[9] *Id.* at 19 (¶ 21).

[10] *Id.* (¶ 22).

[11] *Id.* (¶ 24); Notice of Removal – ECF No. 1 at 4–5 (¶ 14).

[12] Compl. – ECF No. 1 at 19–20 (¶ 26).

[13] *Id.* at 20–21 (¶¶ 26–31).

[14] *Id.* at 21 (¶ 33).

[15] Astanehe Decl. – ECF No. 9-2 at 2 (¶ 2).

ORDER – No. 22-cv-00292-LB    3

(claim one), (2) aiding and abetting a violation of California's Fair Employment and Housing Act (FEHA) (claim two), (3) violating California's Unruh Civil Rights Act and Unfair Competition Law (UCL) (claims three and four), and (4) intentional and negligent infliction of emotional distress (claims five and six).[16] Her prayer for relief asks for (A) general and compensatory damages, (B) special damages, (C) contractual damages, (D) emotional-distress damages, (E) punitive damages, (F) statutory damages, (G) penalties under Cal. Civ. Code § 3345, (H) recovery of tangible personal property, (I) costs of the lawsuit, (J) prejudgment interest, and (K) attorney's fees and costs.[17]

Lincoln removed the case to federal court, asserting diversity jurisdiction.[18] The plaintiff moved to remand for failure to establish that the amount in controversy exceeds $75,000.[19] Lincoln provided the following additional information about the amount in controversy. Document Technologies paid the plaintiff $18.95 per hour and $3,284.67 per month.[20] Assuming no new employment, that is $42,700.71 for thirteen months of backpay and $39,416.04 for one year of front pay.[21] For the claims of emotional distress, it cited jury verdicts supporting the conclusion that typical awards in discrimination cases for emotional distress exceed $75,000.[22] It points to the requests for punitive damages and attorney's fees, including the likelihood that fees will exceed $75,000.[23]

In the motion to remand, the plaintiff says that her mitigating efforts leave only $589.42 in controversy because she received benefits from the State of California of $42,111.28, which almost completely offsets the backpay.[24] She elaborated at the hearing that any arbitration award is an offset to her damages.

---

[16] Compl. – ECF No. 1 at 23–32 (¶¶ 43–87).

[17] *Id.* at 32 (A–K).

[18] Notice of Removal – ECF No. 1 at 3–8 (¶¶ 8–26).

[19] Mot. – ECF No. 9.

[20] Heins Decl. – ECF No. 1-1 at 2–3 (¶ 10).

[21] Notice of Removal – ECF No. 1 at 6 (¶¶ 21–22).

[22] *Id.* at 7 (¶ 23).

[23] *Id.* at 7–8 (¶¶ 24–26).

[24] Villagomez Decl. – ECF No. 11 at 2 (¶ 3) (the plaintiff declares that she received benefits without specifying the amount); Mot. – ECF No. 9 at 12 (amount is $42,111.28).

All parties consented to magistrate-judge jurisdiction under 28 U.S.C. § 626.[25] The court held a hearing on March 24, 2021.

## ANALYSIS

A state-court defendant may remove an action to federal court based on diversity jurisdiction. 28 U.S.C. § 1441(b). Diversity jurisdiction exists if the opposing parties are diverse, and the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a). The issue here is whether the amount in controversy exceeds $75,000.

"Where, as here, it is unclear or ambiguous from the face of a state-court complaint whether the requisite amount in controversy is pled, the removing defendant bears the burden of establishing, by a preponderance of the evidence, that the amount in controversy exceeds the jurisdictional threshold." *Urbino v. Orkin Servs. of Cal., Inc.*, 726 F.3d 1118, 1121–22 (9th Cir. 2013) (cleaned up); *Arias v. Residence Inn by Marriott*, 936 F.3d 920, 922 (9th Cir. 2019) ("[W]hen a defendant's allegations of removal jurisdiction are challenged, the defendant's showing on the amount in controversy may rely on reasonable assumptions."). The Ninth Circuit has "not addressed the types of evidence defendants may" use to satisfy this burden. *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003). It has, however, endorsed the "practice of considering facts presented in the removal petition as well as any summary-judgment-type evidence relevant to the amount in controversy at the time of removal." *Id.* (cleaned up). The court resolves all ambiguities in favor of remand. *See Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009).

"The amount in controversy includes claims for general and special damages (excluding costs and interest), attorney[']s fees if recoverable by statute or contract, and punitive damages if recoverable as a matter of law." *J. Marymount, Inc. v. Bayer Healthcare, LLC*, No. C 09-03110 JSW, 2009 WL 4510126, at *2 (N.D. Cal. Nov. 30, 2009) (cleaned up).

On this record, the amount in controversy exceeds $75,000. The court cannot conclude to a legal certainty that the amount in controversy is less than the jurisdictional requirement and thus

---

[25] Consents – ECF Nos. 8, 12.

concludes that there is diversity jurisdiction. An employment case involves back pay and front pay. There are emotional-stress damages and fees, and also punitive damages. The defendant has met its burden. (The court elaborated on these reasons at the hearing.)

## CONCLUSION

The motion to remand is denied. This resolves ECF No. 9.

**IT IS SO ORDERED.**

Dated: March 25, 2022

LAUREL BEELER
United States Magistrate Judge